UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHEPLER'S, INC.,

    Plaintiff,

v.

JAMES F. WYNN, ARNOLD TRANSIT
COMPANY, UNION TERMINAL PIERS,
INC., and THE CITY of MACKINAC ISLAND,

    Defendants.

Case No.

**FILED - GR**
October 4, 2010 10:38 AM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY __aid__/_____ SCANNED BY 4Y /10/5

**1:10-cv-968**

**Janet T. Neff**
**U.S. District Judge**

## COMPLAINT AND JURY DEMAND

PLAINTIFF, SHEPLER'S, INC., sues DEFENDANTS, JAMES F. WYNN, ARNOLD

TRANSIT COMPANY, UNION TERMINAL PIERS, INC., and THE CITY OF MACKINAC

ISLAND, and shows:

### Parties

1.    Plaintiff, SHEPLER'S, INC., is a Michigan corporation that is headquartered in

Mackinaw City, Michigan ("Shepler's").

2.    Defendant, JAMES F. WYNN, is a Michigan resident living in Petoskey, Michigan

("Wynn").

3.    Defendant, ARNOLD TRANSIT COMPANY, is a Michigan corporation

headquartered in Mackinac Island, Michigan ("Arnold").

4.    Defendant, UNION TERMINAL PIERS, INC., is a Michigan corporation

headquartered in Mackinac Island, Michigan ("Union").

5.    Defendant, THE CITY of MACKINAC ISLAND, is the municipality governing

Mackinac Island, Michigan ("Mackinac Island").

**Jurisdiction and Venue**

6.     Shepler's is suing Wynn, Arnold, Union, and Mackinac Island for violations of federal law, among other claims, and therefore, original jurisdiction is vested in the United States District Court.

7.     Venue is appropriate in the Western District of Michigan because Wynn is a resident of Petoskey, Michigan, which is in the Southern Division of the Western District of Michigan.

8.     Local Civil Rule 3.2 of the Western District of Michigan provides criteria for selecting which division in the Western District of Michigan to file a case, and to which division a case shall be assigned.  Pursuant to Local Civil Rule 3.2, the appropriate division for the case is the Southern Division, as the impacted property is located in more than one division, the Plaintiff does not reside in either the Southern Division or the Northern Division, the Defendants are, in part, in the Southern Division and the Northern Division, the claim arose in both the Southern Division and the Northern Division, with material significant violations of the law occurring in the Southern Division, and finally, the Plaintiff has chosen the Southern Division as permitted by Section (i) of Local Civil Rule 3.2.

9.     The Court has supplemental jurisdiction over Shepler's state law claims.

**General Factual Allegations**
**The Creation of an Illegal Monopoly**

10.    Shepler's is suing Wynn, Arnold and Union for wrongfully seeking a monopoly for the purposes of eliminating competitive ferry boat service to Mackinac Island.

11.    Shepler's is suing Mackinac Island for violating its own ordinances and to enjoin Mackinac Island from completing its deal with Wynn, including as described below.

12.    Wynn has attempted to monopolize the ferry boat service to Mackinac Island through threats, intimidation, and inappropriate backroom deals.

2

13.     Wynn threatened Shepler's, and told Shepler's that it had to sell its business to Wynn, or that Wynn would utilize the money he would have paid Shepler's to eliminate Shepler's as a competitor.

14.     At the same time, Wynn was working with Mackinac Island city officials to engineer a deal where Wynn would borrow money at a high interest rate to acquire Arnold and Union, and sell Arnold and Union's docks and a portion of Arnold and Union's property to Mackinac Island.

15.     The deal was that Mackinac Island would pay for the property and docks by issuance of public bonds, and then Arnold and Union would lease the property and docks back.

16.     In exchange for selling the property and docks to Mackinac Island, Arnold and Union would receive a monopoly for ferry service to Mackinac Island.

17.     Mackinac Island, in reaching the deal, exceeded its governmental authority, acted outside of its scope of authority, and Wynn, by suggesting, participating, and creating the deal, has violated antitrust laws and Michigan tort law.

18.     At a City Council meeting on Thursday, September 26, 2010, Shepler's sought to have Mackinac Island honor its own ordinances and issue Shepler's a renewed non-exclusive franchise.

19.     Mackinac Island, at the meeting and through its City Council, confirmed that Mackinac Island would openly violate its own ordinances.

20.     Mackinac Island's conduct is arbitrary and capricious and is in direct violation of Michigan law.

21.     Wynn openly laughed and snickered at the meeting when Shepler's presented arguments for having Mackinac Island follow its own ordinances.

22.     Mackinac Island has several ordinances that set forth the issuance of franchises for ferry service, relevant portions of which are set forth below:

3

Sec. 66-491.-- Required.

(a)    No person shall operate a ferry boat service . . . or acquire ownership or control of a ferry boat company . . . without such person having first obtained a franchise.

Sec. 66-492- Application; contents; fees.

(a)    A]pplication for a franchise . . . shall be made in writing to the council and include:

    (1)    applicant's name, and . . ..

    (2)    applicant's principal place of business.

    (3)    Description of each ferry boat . . ..

    (4)    A schedule of ferry boat services . . ..

    (b)    [A]pplication shall be accompanied by an application fee established by ordinance.

Sec. 66-494.-- Issuance;

(a)    Upon the approval of the filed schedule of services . . . and receipt of the application fee, the council shall issue a franchise as is required by this division.

Sec. 66--495- Nonexclusive; term; form.

Any franchise issued pursuant to this article shall be a nonexclusive franchise for a term of years not to exceed 20 years . . .

23.    Shepler's and its wholly owned subsidiary have spent many millions of dollars on boats, marketing, employees, land and docks, in direct reliance on Mackinac Island honoring its obligations to grant non-exclusive ferry franchises and to act openly and honestly.

24.    Shepler's is a third-generation family business that directly employss over 150 persons and has, for over 50 years, provided the absolute best ferry service to Mackinac Island.

25.    Shepler's and many others are incurring irreparable damage as a result of the conduct by Wynn, Arnold, Union and Mackinac Island.

26.    Many businesses and associations have conferences on Mackinac Island, tourists and others frequently use Mackinac Island as a destination, and the disruption or termination of Shepler's business will have significant impacts on business owners and persons and companies both on and off the island.

27.    Shepler's leases property and dock space from Mackinaw City, and if Wynn, Arnold, Union and Mackinac Island are successful in terminating Shepler's business, Mackinaw City will be injured as well.

28.    Ferry service is provided to Mackinac Island almost entirely from Mackinaw City and St. Ignace. If Mackinaw City and St. Ignace each took the position that they could grant a monopoly for service from Mackinac Island, they could each pick a different carrier and no service would be legal. For example, if Mackinaw City chose Shepler's, St. Ignace chose Starline, and Mackinac Island chose Arnold, no service could be provided. This demonstrates why non-exclusive franchises are legally required and Mackinac Island and Wynn's efforts are illegal, far reaching in the damage they are causing, immoral, and violate common sense. The same logic applies if each municipality sought to regulate the ticket prices and chose different prices.

29.    The Mackinac Island officials engaged in the conspiracy with Wynn, Arnold, and Union are individually liable for their tortious acts, and Shepler's reserves the right to amend this Complaint to add such officials.

## COUNT I
## Violation of Sherman Antitrust Act
(Wynn, Arnold and Union)

30.    Shepler's sues Wynn, Arnold and Union for violation of the Sherman Antitrust Act; 15 U.S.C. 1 & 2, et seq. ("Sherman Act").

31.    Shepler's re-asserts each of its allegations contained in paragraphs 1 through 29 of this Complaint, as though fully set forth in this paragraph.

32.    Wynn, Arnold and Union have in fact attempted to monopolize trade or commerce that involves interstate commerce, including but not limited to, by agreements within a relevant

5

market to restrain trade or commerce with anticompetitive effects, in violation of Section 1 of the Sherman Act.

33.    Wynn, Arnold and Union have violated Section 2 of the Sherman Act by, but not limited to, acquiring monopoly power in the relevant market by anticompetitive or exclusionary means.

34.    Wynn, Arnold and Union have caused damage to Shepler's and others.

35.    Wynn, Arnold and Union are causing irreparable damages and should be enjoined for violating the Sherman Act.

36.    Shepler's seeks the recovery of treble damages.

37.    Shepler's seeks equitable relief in terms of an injunction that stops Wynn and/or Arnold and/or Union from obtaining the sought after monopoly and prevents the sale of Arnold's docks and property to Mackinac Island.

38.    Shepler's has satisfied all conditions precedent to maintaining this action.

WHEREFORE, PLAINTIFF, SHEPLER'S, INC., demands judgment against Defendants, JAMES F. WYNN, ARNOLD TRANSIT COMPANY, and UNION TERMINAL PIERS, INC., for damages, treble damages, pre-judgment interest, attorneys' fees and costs in this matter, for a temporary and permanent injunction, and any other relief this Court deems just and appropriate.

### COUNT II
### Violation of Michigan Antitrust Act
(Wynn, Arnold and Union)

39.    Shepler's sues Wynn, Arnold and Union for violation of the Michigan Antitrust Reform Act; MCL 445.771, et seq.

40.    Shepler's re-asserts each of its allegations contained in paragraphs 1 through 29 of this Complaint, as though fully set forth in this paragraph.

6

41. Wynn, Arnold and Union have in fact attempted to monopolize trade or commerce that involves commerce in the relevant market and in Michigan in violation of the Michigan Antitrust Reform Act.

42. Wynn, Arnold and Union have caused damage to Shepler's and others.

43. Wynn, Arnold and Union are causing irreparable damages and should be enjoined for violating the Michigan Antitrust Act.

44. Shepler's seeks the recovery of treble damages.

45. Shepler's seeks equitable relief in terms of an injunction that stops Wynn and/or Arnold and/or Union from obtaining the sought after monopoly and prevents the sale of Arnold and Union's docks and property to Mackinac Island.

46. Shepler's has satisfied all conditions precedent to maintaining this action.

WHEREFORE, PLAINTIFF, SHEPLER'S, INC., demands judgment against Defendants, JAMES F. WYNN, ARNOLD TRANSIT COMPANY, and UNION TERMINAL PIERS, INC., for damages, treble damages, pre-judgment interest, attorneys' fees and costs in this matter, for a temporary and permanent injunction, and any other relief this Court deems just and appropriate.

## COUNT III
## Intentional Interference with Advantageous Business Relationship
(Wynn, Arnold and Union)

47. Shepler's sues Wynn, Arnold and Union for intentional interference with advantageous business relationship.

48. Shepler's re-asserts each of its allegations contained in paragraphs 1 through 29 of this Complaint, as though fully set-forth in this paragraph.

49. Shepler's has a valid business relationship with, among others, Mackinac Island and its customers.

50.     Wynn, Arnold and Union have knowledge of Shepler's valid business relationship with, among others, Mackinac Island and its customers.

51.     Wynn, Arnold and Union engaged in actual knowing and wrongful intentional conduct to cause a termination of Shepler's relationship with Mackinac Island.

52.     Shepler's has incurred damages from Wynn, Arnold, and Union's wrongful conduct and is incurring irreparable harm.

53.     Shepler's seeks the recovery of exemplary damages from Wynn, Arnold and Union.

54.     Shepler's seeks a permanent and temporary injunction against Wynn, Arnold and Union to enjoin their wrongful interference.

55.     Shepler's has satisfied all conditions precedent to maintaining this action.

WHEREFORE, PLAINTIFF, SHEPLER'S, INC., demands judgment against Defendants, JAMES F. WYNN, ARNOLD TRANSIT COMPANY, and UNION TERMINAL PIERS, INC., for damages, exemplary damages, pre-judgment interest, costs in this matter, for a temporary and permanent injunction, and any other relief this Court deems just and appropriate.

## COUNT IV
## Violation of 42 USC § 1983
(Mackinac Island)

53.     Shepler's sues Mackinac Island for violation of 42 U.S.C. 1983, et seq.

54.     Shepler's re-asserts each of its allegations contained in paragraphs 1 through 29 of this Complaint, as though fully set-forth in this paragraph.

55.     The conduct of Mackinac Island and the failure of Mackinac Island to exercise its duty in the circumstances described above constitutes a taking of Shepler's property right under Article 10, Section 2 of the Michigan Constitution; a violation of due process under Article I, Section 17 of the Michigan Constitution; a violation of Amendment 5 of the U. S. Constitution,

8

and further violates the guarantee of equal protection under both the Michigan Constitution Article I, Section 2, and the United States Constitution.

56. Mackinac Island deprived Shepler's of federally protected rights, privileges and immunities provided by federal law and the United States Constitution, entitling Shepler's to damages for Mackinac Island's violation of 42 USC § 1983, et seq.

57. Mackinac Island's actions under color of law impeded and hindered the course of justice by deliberately denying Shepler's due process of law and further violated Shepler's equal protection rights.

58. Shepler's has suffered and will continue to suffer injury as a direct and proximate cause of Mackinac Island and Wynn and Arnold and Union's actions.

59. Mackinac Island acted with improper motive and intent to recklessly disregard Shepler's federally protected rights, entitling Shepler's to exemplary damages as well as all other damages incurred, including costs and attorneys' fees pursuant to 42 USC § 1988.

60. Shepler's has satisfied all conditions precedent to maintaining this action.

WHEREFORE, PLAINTIFF, SHEPLER'S, INC., demands judgment against Defendant, MACKINAC ISLAND, for damages, exemplary damages, pre-judgment interest, attorneys' fees and costs, for a temporary and permanent injunction, and any other relief this Court deems just and appropriate.

## COUNT V
### Declaratory Relief
(Wynn, Arnold, Union and Mackinac Island)

61. Shepler's sues Wynn, Arnold, Union and Mackinac Island for declaratory relief.

62. Shepler's re-asserts each of its allegations contained in paragraphs 1 through 29 of this Complaint, as though fully set forth in this paragraph.

63. Shepler's has an honest, ripe and bona-fide dispute and concern as to how to address and deal with Mackinac Island's breaches of its own ordinances and federal antitrust law, and is therefore in doubt as to how to conduct its business.

64. Shepler's needs and hereby requests this Court to declare that Mackinac Island has breached its ordinances and may not preclude or prevent Shepler's from providing ferry service to Mackinac Island.

65. Shepler's needs and hereby requests this Court to declare that Mackinac Island's conduct is arbitrary and capricious and illegal and therefore void *ab initio.*

66. Without a declaration from this Court, Shepler's risks, among other things, Mackinac Island physically obstructing Shepler's use of Shepler's commercial docks and property on Mackinac Island, which in turn impacts Shepler's hiring of employees, maintenance of boats, advertising spending, et cetera.

67. Shepler's seeks a permanent and temporary injunction requiring Mackinac Island to issue non-exclusive franchise licenses pursuant to its ordinances – including without limitation, a franchise to Shepler's.

68. Shepler's seeks a declaration that Wynn, Arnold and Union have violated Mackinac Island's ordinances for ferry service by seeking to sell Arnold and Union's docks and property to Mackinac Island.

69. Shepler's seeks a permanent and temporary injunction prohibiting Wynn, Arnold and Union from selling Arnold and Union's docks and related property to Mackinac Island.

70. Shepler's has satisfied all conditions precedent to maintaining this action.

WHEREFORE, Plaintiff, SHEPLER'S, INC., demands judgment against Defendants, THE CITY OF MACKINAC ISLAND, JAMES F. WYNN, ARNOLD TRANSIT COMPANY, and

10

UNION TERMINAL PIERS, INC., for declaratory relief and for a temporary and permanent

injunction, a writ of mandamus and any other relief this Court deems just and appropriate.

## JURY TRIAL DEMAND

Shepler's demands a jury trial on all issues so triable.

Dated this 2nd day of October, 2010.

BRAUN, KENDRICK, FINKBEINER, P.L.C.       COLEMAN, YOVANOVICH & KOESTER, P.A.

By:                                       By:

    William J. Ewald                          Edmond E. Koester
    Michigan Bar No. P22839                   Florida Bar No. 87882
    4301 Fashion Square Blvd.                 4001 Tamiami Trail North, Suite 300
    Saginaw, MI 48603                         Naples, FL 34103
    989.498.2256                              239.435.3535
    989.799.4666 Facsimile                    239.435.1218 Facsimile
    wilewa@bkf-law.com                        ekoester@cyklawfirm.com

*Attorneys for Shepler's, Inc.*            *Attorneys for Shepler's, Inc.*